### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case Nos.   11-cr-182-GKF |
| | ) | 12-cv-579-GKF-TLW |
| RICARDO PORTILLO RODRIGUEZ, | ) ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the court is the Motion of defendant Ricardo Portillo Rodriguez ("Rodriguez") pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence [Dkt. # 36], and the Motion of the United States of America to Dismiss [Dkt. # 44]. Rodriguez has not responded to the government's motion.

**I. Background**

On December 6, 2011, a two-count Indictment charged Rodriguez with conspiracy to import more than 100 kilograms of marijuana into the United States and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. On June 7, 2012, pursuant to a plea agreement, Rodriguez pled guilty to Count Two of the Indictment. In his plea agreement, Rodriguez explicitly waived the right to collaterally attack his sentence:

> The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver.

[Dkt. # 23 at 3]. The court subsequently sentenced Rodriguez to five years in prison, the statutory minimum. [Dkt. # 34]. Rodriguez now moves, *pro se*, to vacate or correct the sentence. He contends he should have been granted the "safety valve" permitted by 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). The government seeks dismissal of the habeas motion based on Rodriguez's waiver of his right to collaterally attack the sentence.

**II. Analysis**

A knowing and voluntary waiver of the right to collaterally attack a sentence is generally enforced. *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("This court will hold a defendant to the terms of a lawful plea agreement.") (quotation omitted); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

Rodriguez's plea agreement forbids him from collaterally attacking the sentence, except for claims based on ineffective assistance of counsel which challenge the validity of his guilty plea or his waiver of appellate and post-conviction rights. The § 2255 motion is a collateral attack of the sentence. Rodriguez makes no allegation that might be liberally construed as a claim of ineffective assistance. Nor does he challenge the validity of his guilty plea or the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002); *United States v. Zambada-Vega*, 2012 WL 2106362 (D. Ariz.). He simply alleges he "should have been granted [the] safety valve." Without more, the claim fails to survive the plea agreement's waiver. *United States v. Cheadle*, 336 Fed. Appx. 779, 780-81 (10th Cir. 2009); *Cockerham*, 237 F.3d at 1187.

Rodriguez's claim falls within the scope of the plea agreement waiver. In addition, Rodriguez knowingly and voluntarily waived his right to collaterally attack the sentence. *See*

Plea Agreement, Dkt. # 23, at ¶ 3(d); Transcript of Plea Colloquy, Dkt. # 43, at 18:4-11. Finally, this court is convinced that enforcement of the plea agreement will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc); *Cheadle*, 336 Fed. Appx. at 781.

### III. Certificate of Appealability

A "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 Governing Section 2255 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

In this case, the court concludes that a certificate of appealability should not issue. Rodriguez has not made a substantial showing of the denial of a constitutional right, the issues raised are not debatable among reasonable jurists, and the parties have submitted no authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

For the foregoing reasons, the court grants the government's Motion to Dismiss [Dkt. # 44], dismisses the § 2255 motion [Dkt. # 36], and denies a Certificate of Appealability.

**IT IS SO ORDERED** this 24th day of October, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT